UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRO MANUEL ESPINOZA LOPEZ,

                   Petitioner,

        -v.-

KRISTI NOEM et al.,

                   Respondents.

26 Civ. 00345 (JHR)

<u>OPINION</u>

JENNIFER H. REARDEN, District Judge:

Before the Court is Petitioner Sandro Manuel Espinoza Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1 (Pet.).  For the following reasons, the petition is denied.

## I.    BACKGROUND

"The facts described [herein] are drawn from [the] petition, [and the] affidavits and documents submitted in support of the Government's return."  *Michalski v. Decker*, 279 F. Supp. 3d 487, 491 (S.D.N.Y. 2018) (denying writ of habeas corpus).  These facts are undisputed.

Petitioner Sandro Manuel Espinoza Lopez, a citizen of Ecuador, "crossed the border in November 2023 and was never apprehended."  Pet. ¶ 4.  On January 14, 2026, U.S. Immigration and Customs Enforcement ("ICE") "encountered Petitioner . . . in East Elmhurst, New York."  ECF No. 11 (Charles Decl.) ¶ 5; Pet. ¶ 25.  During the encounter, Petitioner "provided a photo of his Ecuadoran passport, his name, date and country of birth, and further admitted that he was illegally present in the United States."  Charles Decl. ¶ 5.  After "confirm[ing] that Petitioner had no legal status,"*id.*, ICE served Petitioner with a Form I-200 (Warrant for Arrest of Alien), ECF No. 10-1, and a Notice to Appear, ECF No. 10-2.  The Notice to Appear stated that Petitioner was "an alien present in the United States who ha[d] not been admitted or paroled," who was "not then admitted or paroled after inspection by an immigration officer," and charged him as

"subject to removal." ECF No. 10-2.  The Notice to Appear further directed Petitioner to "appear before an immigration judge of the United States Department of Justice at: 201 Varick Street . . . New York, New York" on January 26, 2026 at 1:00 p.m.[1]  *Id.*

"Petitioner was then transported for processing to 26 Federal Plaza in New York, New York and booked into custody."  Charles Decl. ¶ 5; Pet ¶ 2.[2]  Petitioner commenced this action on January 14, 2026, while detained at 26 Federal Plaza.  Pet. ¶ 2.  He seeks an order directing Respondents "to immediately release [him] from custody on his own recognizance or under parole" and to "provide [him] a pre-deprivation hearing with 48-hours advanced notice before any attempt is made to remove Petitioner from the United States."  Pet. at 34.

On January 20, 2026, pursuant to the Court's Order to Answer, ECF No. 4, Respondents filed a return, ECF No. 10, the declaration of Deportation Officer Michael Charles, ECF No. 11, as well as a letter setting forth points and authorities., ECF No. 12 (Opp.).  Petitioner replied on January 26, 2026.  *See* ECF No. 18-1 (Reply).

## II.   DISCUSSION

The Government argues that "[t]he legal issue presented in this case is nearly identical to the issue presented in *Weng v. Genalo*, No. 25 Civ. 9595 (JHR)."  Opp. at 1.[3]  The Court agrees.

---

[1] The Court has not been informed of the outcome of that appearance, if it in fact occurred.
[2] "In the evening of January 14, 2026, Petitioner was transferred from 26 Federal Plaza to the Delaney Hall Detention Facility in Newark, New Jersey."  Charles Decl. ¶ 6.  He had commenced this action earlier that day.  *See generally* Pet. (filed at 4:46 p.m.).  Petitioner is now detained at the Arizona Removal Operations Coordination Center.  Reply at 8.  These "transfer[s] do[] not deprive this Court of subject matter jurisdiction."  *See, e.g.*, *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *1 n.1 (S.D.N.Y. Nov. 20, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 n.14 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction . . . .")).
[3] The Court ruled in *Weng v. Genalo*, No. 25 Civ. 9595 (JHR), on January 25, 2026.  *See Weng v. Genalo*, No. 25 Civ. 9595 (JHR), 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026).  The matter was thus *sub judice* when Respondents filed their opposition on January 20, 2026, but had been decided by the time Petitioner filed his reply on January 26, 2026.

As in *Weng*, Petitioner contends that his detention is governed by section 236 of the Immigration and Nationality Act (the "INA"), codified at 8 U.S.C. § 1226(a)(2), while Respondents maintain that Section 235 of the INA, codified at 8 U.S.C. § 1225(b)(2), controls.[4]  *See* Pet. ¶ 32; Opp. at 2; *Weng*, 2026 WL 194248, at *1.

### A. Petitioner Is Lawfully Detained Pursuant To Section 1225(b)(2)

In *Weng,* the Court concluded that the petitioner's detention was governed by Section 1225(b)(2). *See* 2026 WL 194248, at *3.  The Court's analysis began with the text of Section 1225(a)(1).  That section provides: "An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission."  8 U.S.C. § 1225(a)(1).  "[T]he statute expressly defines 'admission' and 'admitted,' for purposes of Section 1225(a)(1), as 'the *lawful* entry of the alien into the United States after inspection and authorization by an immigration officer.'"  *Weng*, 2026 WL 194248, at *3 (quoting 8 U.S.C. § 1101(a)(13)(A)).  Given that Mr. Weng was "an alien present in the United States who ha[d] not been admitted"—that is, "who ha[d] not *lawfully* entered"—the Court deemed him "an applicant for admission."  *Id*.

Section 1225(b)(2) states that, "in the case of an alien" such as Mr. Weng, "who is an applicant for admission," "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a [removal] proceeding."  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  Upon finding that the examining immigration officer had made such a determination in Mr. Weng's case, the Court concluded that he was subject to mandatory detention pending resolution of his removal proceedings.  *Weng*, 2026 WL 194248, at *3.

---

[4] The Court may refer to these provisions as "Section 1225" and "Section 1226" or by citing to the INA or the United States Code.

3

The same analysis applies here.[5]  Petitioner has not been "admitted" because he did not "lawful[ly] ent[er] . . . the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A) (defining "admission" and "admitted").  Rather, Petitioner "crossed the border in November 2023 and was never apprehended."  Pet. ¶ 4.  As the Supreme Court explained in *Jennings*, "an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'"  *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)).  During his encounter with ICE on January 14, 2026, an "examining immigration officer determine[] that [Petitioner] [wa]s not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  Instead, he was "charged . . . [as] subject to removal."  ECF No. 10-2.  Accordingly, Petitioner "shall be detained" pending resolution of his removal proceedings.  8 U.S.C. § 1225(b)(2)(A).

"It is not lost on the [Court]that the overwhelming majority of judges in this District and around the country to consider the issue have reached a contrary conclusion."  *Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL 100761, at *1 (S.D.N.Y. Jan. 14, 2006).  The Court has carefully considered the decisions of its colleagues in this District.  *See Weng*, 2026 WL 194248, at *4-6 (discussing at length numerous decisions holding that Section 1226

---

[5] Unlike in *Weng*, Petitioner was not initially detained at the border and then released on his own recognizance.  *Compare Weng*, 2026 WL 194248, at *1 (explaining that Mr. Weng had been detained shortly after crossing the border but "released on his own recognizance as a conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) due to lack of bed space") *with* Pet. ¶ 4 (stating that Petitioner "was never apprehended at the border").  This further supports the conclusion that Section 1225(b)(2) applies here.  *See Weng*, 2026 WL 194248, at *6 (concluding that Respondents did not "waive the right to enforce Section 1225(b)(2)" despite "consistently treating[ing] [Mr. Weng] as subject to Section 1226."); *Candido v. Bondi*, No. 25 Civ. 867 (JLS), 2025 WL 3484932, at *4 (W.D.N.Y. Dec. 4, 2025) (concluding that applying Section 1225(b)(2) to "aliens who enter the United States illegally—and remain illegally" is "consistent with the primacy of the political branches in this area of law").

controls).  Unguided by precedential authority from the Supreme Court or the Second Circuit, however, this Court "come[s] out differently."  *Chen*, 2026 WL 100761, at *1.

### B. Petitioner's Detention Does Not Violate Due Process

The Court further determines that Petitioner's detention under Section 1225(b)(2)(A) satisfies due process.  For an applicant for admission such as Petitioner, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."  *Weng*, 2026 WL 194248, at *7 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)); *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d. Cir. 1984) ("Although aliens who petition for admission have no constitutional rights regarding their applications, they do have such statutory rights as Congress grants.").  Here, "the procedure authorized by Congress," *Mezei*, 345 U.S. at 212, is that "an alien who is an applicant for admission . . . shall be detained for a [removal] proceeding," 8 U.S.C. § 1225(b)(2)(A).  "Read most naturally," Section 1225(b)(2) "mandate[s] detention of applicants for admission until certain proceedings have concluded" and does not "say anything whatsoever about bond hearings."  *Jennings*, 583 U.S. at 297 (discussing Sections 1225(b)(1) and (b)(2)).  Thus, "the Court concludes that Petitioner is not entitled to be released, nor is he entitled to a bond hearing."  *Chen*, 2025 WL 3484855, at *8.  Moreover, "given the relatively short duration" of Petitioner's detention—less than three weeks—"any constitutional argument for habeas relief separate from the statutory one raised here, *if possible*, would be premature."  *Candido*, 2025 WL 3484932, at *5 (collecting cases).

### III.  CONCLUSION

For the foregoing reasons, the petition is denied in its entirety.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 2, 2026
    New York, New York

_____
JENNIFER H. REARDEN
United States District Judge